This matter presents a timely appeal from a verdict and judgment rendered upon such verdict by the Struthers Municipal Court, Mahoning County, Ohio, finding defendant appellant, William J. Sarich Jr., guilty of speeding in violation of Poland Village Ordinance 333.03(B).
At the outset, we note that plaintiff-appellee, State of Ohio, has failed to file a brief in this matter. Therefore, pursuant to App. R. 18 (C), this court is authorized to accept appellant's statement of the facts and issues as correct and reverse the trial court's judgment if appellant's brief reasonably appears to sustain such action.
On June 14, 1997, appellant was pulled over by an Ohio State Highway Patrol officer and charged with speeding for traveling forty-one miles per hour in a twenty-five mile per hour zone, on Route 224 in the Village of Poland, Mahoning County, Ohio. On October 3, 1997, the trial court found appellant guilty of the aforementioned charge and ordered appellant to pay a fine in the amount of $10.00, plus costs. This appeal followed.
Appellant fails to set out any specific assignments of error in his brief on appeal. The essence of his argument is that it is ridiculous for there to be different speed limits, at different points and on different sides of the road, on Route 224. He argues that there should be a consistent speed limit on Route 224. Appellant also contends that the Village of Poland has violated R.C. 4511.21 by making its portion of Route 224 a twenty-five mile per hour zone., He argues that the portion of Route 224 in question is not a "business district", which the statute requires in order to post a twenty-five mile per hour speed limit. Appellant also contends that the Village of Poland has not applied to the Ohio Department of Transportation for an exception to this general rule, which would allow for a twenty-five mile per hour speed limit in an area that is not a "business district".
R.C. 4511.21 states in pertinent part as follows:
 "(A) No person shall operate a motor vehicle, * * * at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface, and width of the street or highway and any other conditions, and no person shall drive any motor vehicle, in and upon any street or highway at a greater speed than will permit the person to bring it to a stop within the assured clear distance ahead.
 "(B) It is prima-facie lawful, in the absence of lower limit declared pursuant to this section by the director of transportation or local authorities, for the operator of a motor vehicle, to operate the same at a speed not exceeding the following:
"* * *
 (2) Twenty-five miles per hour in all other portions of a municipal corporation, except on state routes outside business districts, through highways outside business districts, and alleys."
Given the fact that there are various businesses located in the area in question, it is clear that such area would be considered a "business district". Further, the record on appeal does not reveal that appellant submitted any evidence to the trial court to substantiate his claim that the area in question was not a business district. 'Therefore, we find that the Village of Poland was well within its rights in establishing the speed limit on Route 224 at twenty-five miles per hour. It makes no difference how ridiculous appellant thinks this system may be. The Village of Poland had the authority to set the speed limit at twenty-five miles per hour and they did so. Appellant's argument on-appeal is without merit.
The judgment of the trial court is affirmed.
Vukovich, J., concurs.
Waite, J., concurs.
APPROVED:
 ________________________________ EDWARD A. COX, PRESIDING JUDGE